```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS


JOHN DOE,
Commonly Identified as "Black,"¹

                         Petitioner,

             v.                               CASE NO. 08-3165-RDR

WARDEN SHELDON RICHARDSON, et al.,

                         Respondents.
```

**O R D E R**

This matter is before the court on a habeas petition filed under 28 U.S.C. § 2241 by an attorney on behalf of an unknown petitioner identified in the petition as an "Unknown Inmate But Commonly Identified As 'Black' And Having A Gifted Singing Voice of whom occupied Cell #102A; or Cell #A102; or Quad A, Cell #102; or Quad #A102; or thereabouts, located within the facilities of Corrections Corporation of America, Leavenworth Detention Center located at or about 100 Highway Terrace, Leavenworth, Kansas, 66048; and on or about June 10, 2008."  Absent more identifying information, the court hereafter will refer to petitioner as "Black."  Also before the court is a motion for leave to proceed in forma pauperis, executed by the attorney "On conditional behalf of Petitioner."

The attorney, D. Carlos Romious, submitted the pleadings as pro bono counsel for "Black," and contends this prisoner's continued

---

¹The court modifies the caption to name the unknown petitioner as "John Doe."

restraint at the Leavenworth facility operated by the Corrections Corporation of America violates petitioner's rights under the United States and Kansas constitutions. Having reviewed the record, the court finds this matter is subject to being summarily dismissed.

An "[a]pplication for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Clearly, the unidentified petitioner has not signed the petition submitted to this court, and there is nothing to suggest petitioner has even accepted pro bono representation by D. Carlos Romious or authorized that attorney's filing of this action on petitioner's behalf.

Attorney Romious thus lacks standing to invoke the jurisdiction of this court absent a sufficient showing that he proceeds as "next friend" of the unidentified petitioner.

The Supreme Court has noted that "next friends" most frequently "appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Id. at 163. Instead, a party seeking to represent a prisoner in a habeas proceeding must satisfy "two firmly rooted prerequisites," namely: (1) explain why the real party in interest cannot prosecute the action in his own behalf; and (2) establish a significant relationship with and a true dedication to the best interests of the real party in interest. Id. at 163-64. "These limitations on the 'next friend' doctrine are driven by the recognition that it was not intended that the writ of habeas corpus

should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." Id. at 164 (quotation and citation omitted).

To demonstrate standing as "next friend," attorney Romious bears the burden of clearly establishing "the propriety of his status and thereby justify the jurisdiction of the court." Id. On the face of the record he has not done so. He has not addressed, let alone satisfied, any of the necessary requirements for proceeding as "next friend" to the unidentified petitioner in this case.

Accordingly, this action is subject to being summarily dismissed absent supplementation of the petition within ten days to satisfy the requirements of 28 U.S.C. § 2242, or to establish attorney Romious' standing as "next friend" to proceed on petitioner's behalf.

IT IS THEREFORE ORDERED that D. Carlos Romious is granted ten days to supplement the petition to avoid dismissal of the petition without prejudice for lack of jurisdiction.

DATED:  This 16th day of July 2008 at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge